Chief Justice Robertson
delivered the opinion of the Court.
SlaugSter moved the circuit court for a judgment against Wilson, as constable, and against Brashear, Joseph Lewis and John Shally, for a judgment for $>52 88 cents, and the penalty thereon, for an alleged failure, by the constable, to return, within a month, a fieri facias issued in Slaughter’s favor for $52 88 cents, and charged to have been delivered to the constable.
The notice is substantially good, and was served on all the persons against whom it was directed, except Brashear, who was dead before the service. On a suggestion of Brashear’s death, the court abated the motion as to him, and rendered judgment against the survivors for the amount of the execution and interest upon it, and 30 per cent penalty.
There is one insuperable objection to this judgment.
Although the circuit court had jurisdiction of the motion, (according to the case of Lane vs. Young, I. Littell’s reports, 40, and that of Abbey vs. Thomas, II. Ib. 166.) it had no authority to adjudge, against the plaintiffs in error, 30 per cent on the amount of the execution.
By the 2d section of an act of 1811 (II. Digest, 1143) it is declared, that, if a sheiitf or other officer fail to return, within one month after the return day, any *594 execution which shall have come to his hand, he shall *-le lla^e for the amount of the execution and 30 peí thereon. But an act of 1812, (1. Digest, 297) provides that, for failing to return an execution within twenty days after the return day, o constable shall incur a penalty of 10 per cent.
Act of 1811, giving 30 per cent damages against “sheriffs and other officers,” for failure to return executions within one month after return day so far as it operates on ponstables, is ¡repealed by-act of 1812, giving only 10 per ct. against constables for failure to return within 20 days after return day.
The act of 1812 does not expressly repeal that of 1811; nor are the two acts necessarily incompatible with each other. But their incongruity is such as to leave but little doubt, that the legislature intended, by the enactment of 1812, to repeal so much of the act of 1811, as might have been construed to apply' to constables, it is not probable that a penalty of only 10 per cent would have been denounced for an omission, for 20 days, to return an execution, if it had been intended or expected that a penalty of 30 .percent would be incurred by a failure to return for 30 days. Such disproportion cannot have been designed. If the legislature intended, that the act of 1811 might still be enforced against constables, there was no necessity for the act of 1812. If the former could not effect its objects, the latter surely would not.
In enacting the penalty prescribed by the act of 1812, the legislature manifested the opinion, that the penalty of 30 per cent was unnecessarily severe on constables; its mitigation was therefore the object of the act of 18! 2. No other motive could have prompted the legislature to prescribe a penalty of only 10 per cent for 20 days.
If both acts remain in force, as the delinquences described in each, are specifically different, a recove-iy of the penalty of 10 per cent for a failure to return / an execution within 20 days after the return day, would be no bar to an enforcement of the penalty of 30 per cent, for a prolongation of the delay to one month.
If the constable shall have failed to return an execution within 30 days, should he be liable to both penalties; or if he would not be, for which would he he responsible? It cannot be presumed, that the legislature intended that he should incur both penalties. Such an absurd and unjust consequence was never contemplated by the legislative wisdom. Both acts *595 • cannot therefore be operative against constables. Their palpable inconsistency constructively repeals the act of 1811, so far as it was meant to operate on constables. Both acts cannot stand, and consequently the first is abrogated, and the last is Hhe lazo.”
On motion vs. constable and securities, for failure to return execution, death of one of def’ts may be suggested, and an abatement entered as to him. Death of co-pl’tf or oo-aef’t did not abate the suit at common law.
Rudd, for plaintiffs; Young, for defendant.
The judgment of the circuit court, for the 30 per cent, is therefore unauthorised.
There was no error in the abatement as to Brashear. The death of a co-plaintiff, or of a co-defendant did not abate the suit at commonl aw, and consequently there was no necessity, in such a case, to revive by scire facias or otherwise.
The judgment of the circuit court is reversed, and the case remanded for proceedings consistent with this opinion.